885 F.2d 866
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bernard A. THOMAS, Petitioner,
v.
ITMANN COAL COMPANY, United States Department of Labor,
Benefits Review Board, Respondents.
 No. 88-2994.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 1, 1989.
Decided Sept. 1, 1989.
 
 John P. Anderson on brief for appellant.
 David Allen Barnette; Jackson & Kelly on brief for appellee.
 Before CHAPMAN and WILKINSON, Circuit Judges, and RICHARD L. VOORHEES, United States District Judge for the Western District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Claimant, Bernard A. Thomas, is a former employee of respondent, Itmann Coal Company. Beginning in 1978, he applied for benefits pursuant to the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Sec. 901 et seq. He appeals the decision of the Benefits Review Board (BRB), upholding the Administrative Law Judge's (ALJ) denial of benefits. We find no error and affirm.
 
 I.
 
 2
 Thomas worked for Itmann as a buggy man and miner helper for at least 23 years before he retired in 1979. There is no question that he was an underground mine worker and was exposed to coal dust. Therefore, he would be entitled to invoke an interim presumption of eligibility for benefits for coal miner's pneumoconiosis (black lung) if he could show the existence of one of the four factors listed at 20 C.F.R. Sec. 727.203(a)(1) through (4). These are: (1) a chest X-ray or biopsy establishing the existence of pneumoconiosis; (2) ventilatory studies establishing the presence of a chronic respiratory or pulmonary disease of a certain severity; (3) blood gas studies which establish the presence of a certain degree of impairment in the transfer of oxygen from the lung alveoli to the blood; or (4) other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishing the presence of a totally disabling respiratory or pulmonary impairment. The ALJ, on his second hearing of this case, found that none of the four factors had been established. The BRB affirmed.
 
 II.
 
 3
 To gain the benefit of the interim presumption, an otherwise eligible claimant need show the existence of only one of the four factors. However, he must show it by the preponderance of the evidence, in the light of all the evidence that bears on that factor. Mullins Coal Co. v. Director, OWCP, 484 U.S. 135 (1987). We review administrative findings below primarily for errors of law, and and will overturn findings of fact only when they are not supported by substantial evidence. Cardillo v. Liberty Mutual Ins. Co., 330 U.S. 469 (1947).
 
 
 4
 The first of the four factors to be considered is chest X-rays. The ALJ noted that of 16 available X-rays, half showed indications of pneumoconiosis and half did not.[1] However, compared to the positive readings, more of the negative readings were made by highly qualified B-readers than was the case with the positive readings. Since the weight of the X-ray evidence seems slightly on the side of a negative diagnosis, the ALJ's finding was supported by substantial evidence.
 
 
 5
 As to the second and third factors, ventilatory and blood gas studies, claimant argues that his scores are below normal. That may be, but 20 C.F.R. Sec. 727.203(a)(2) and (3) establish specific levels below which the claimant must fall to establish either factor. A review of the record shows that Thomas' scores were not sufficiently low to qualify under the Regulations. The ALJ's findings concerning these studies were supported by substantial evidence.
 
 
 6
 Claimant argues that he has established the last factor by the weight of the medical evidence and physicians' testimony. This factor gives rise to the interim presumption if: "(4) other medical evidence including the documented opinion of a physician exercising reasoned medical judgment, establishes the present of a totally disabling respiratory or pulmonary impairment...." 20 C.F.R. Sec. 727.203(a)(4) (emphasis added). While there is indeed medical evidence to the effect that Thomas has health problems, and that it is at least possible he has pneumoconiosis, one of the requirements of Sec. 727.203(a)(4) is a showing of total disability. Although several of the physicians who examined Thomas were willing to say that he suffered from some degree of respiratory or pulmonary impairment, not one would go so far as to say he was totally disabled. Thus, there is substantial evidence to support the ALJ's conclusion that Thomas is not totally disabled and that he did not, therefore, qualify under the fourth factor.
 
 IV.
 
 7
 The ALJ and the BRB properly ruled that the claimant had failed to show any of the four factors that would entitle him to the interim presumption and that claimant was not entitled to benefits. The judgment is
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Claimant asserts that some of these were really positive, but all eight were category "O". Title 20, C.F.R. Sec. 410.428(a)(1)(iii) makes it clear that category "O" X-rays are never positive evidence of pneumoconiosis